IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHNNY HUGHLEY, # 9843, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No. 3:08cv116-WHA |
| ) | |
| WILLIE R. COLLINS, WARDEN, ) | [WO] |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Johnny Hughley, an Alabama inmate, styles this action as a petition brought pursuant to 28 U.S.C. § 2241.[1]  In his petition, Hughley challenges a conviction for second-degree rape entered against him on or around November 30, 1987, by the Circuit Court of Chambers County, Alabama.  Upon review of Hughley's petition, it is clear that he is not entitled to relief from this court.

**I.  DISCUSSION**

Hughley contends his imprisonment violates his Fourth and Fifteenth Amendment rights because his 1987 guilty plea to second-degree rape was invalid.  Hughley attacks his conviction, and he asserts that he is in custody pursuant to the judgment of the Alabama

---

[1] Although Hughley's petition is date-stamped "received" on February 19, 2008, he signed the petition on February 14, 2008.  Under the mailbox rule, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Hughley] signed it."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

court. Therefore, 28 U.S.C. § 2254 applies to his petition despite his designating it as one filed pursuant to 28 U.S.C. § 2241. *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003); *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Thomas*, 371 F.3d at 787. Accordingly, this court must apply the procedural restrictions contained in § 2254 to Hughley's petition.

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

This court's records indicate Hughley has filed at least two prior habeas petitions pursuant to the provisions of 28 U.S.C. § 2254 challenging the same conviction for second-degree rape imposed upon him by the Circuit Court of Chambers County. *See Hughley v. Burton, et al.*, Civil Action No. 3:93cv718 (M.D. Ala. 1995), and *Hughley v. Jordan, et al.*, Civil Action No. 3:03cv1037 (M.D. Ala. 2004). In the first of those habeas actions, this court determined the petition was due to be denied because Hughley had procedurally

defaulted on each of his claims for relief. *See* Civil Action No. 3:93cv718, Doc. Nos. 28 & 30. Hughley's subsequent habeas action was dismissed on the ground that his petition constituted a successive petition filed without the required preauthorization of the Eleventh Circuit Court of Appeals. *See* Civil Action No. 3:03cv1037, Doc. Nos. 13, 16 & 17.

It is clear from the instant pleadings filed by Hughley that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. Because this undertaking is a successive habeas corpus petition and because Hughley has no permission from the Eleventh Circuit to file a successive habeas petition, this court lacks jurisdiction to grant the requested relief. *See Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the instant petition for habeas corpus relief is due to be denied and this case summarily dismissed. *Id*. at 934.

The court notes that Hughley purports to be in custody under the sentence imposed for his 1987 conviction for second-degree rape. However, even if his imprisonment was no longer based on that sentence when he filed the instant petition, this court would lack jurisdiction to entertain the petition. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Van Zant v. Florida Parole Commission*, 104 F.3d 325, 327 (11th Cir. 1997); *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001) (federal courts lack subject matter jurisdiction to consider habeas "petitions which challenge a conviction with a completely expired sentence").

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The instant petition for habeas corpus relief filed by filed by Hughley be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), as Hughley has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that on or before March 5, 2008, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en*

*banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of February, 2008.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE